THE AMERICAN BAPTIST HOME MISSION SOCIETY, Appellant, v. THE REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. G-66-5. Decided February 15, 1967.

*Jorge Souss* for appellant. The respondent registrar appeared by brief.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

The respondent Registrar refused to make the entry of a deed in which an agreement was entered for the sale of two properties, the execution of mortgage for deferred price, the segregation of one of them, and the granting of an ease-

ment on the ground that only $352[1] had been deposited in internal-revenue stamps instead of the total amount of the fees which was $651; that the internal-revenue stamps should be computed on the amount resulting from the sum of the sale prices and the amounts secured by mortgage. The Registrar is not right.

The controversy arises from a difference of opinion among the parties as to the interpretation of the second paragraph of the Third Rule of § 2 of the Schedule of Fees of the Property Registry, pursuant to Act No. 67 of June 20, 1963 (30 L.P.R.A. § 1767b) which provides as follows:

"Third: For the purpose of grading the tariff fees, the value of mortgaged estates or rights shall be the price for which same are conveyed plus the amount of the outstanding mortgages.

"If an estate alienated by one or more mortgages is divided, the value of the divided estate shall be, for the purpose above mentioned, the price for which same is conveyed plus the amount of the outstanding mortgages, in accordance with the distribution made and without prejudice to the provisions of section 219 of this title. *However, in the case of estates or rights conveyed by sale with an unpaid balance deferred, secured by mortgage, the fees shall be charged on the sale price, without including the value of the mortgage; and the fees on said mortgaged estate, with respect to the amount secured by the mortgage, plus interest and other services, shall be charged separately.* The provisions of the preceding paragraph shall apply to all cases of conveyance of estates or rights in which the whole or part of the price is deferred and secured by mortgage." (Italics ours.)

The Registrar in effect insists in computing the internal-revenue stamps according to the view which prevailed under the prior schedule of fees (Julio César González, *Teoría y Práctica de la Redacción de Instrumentos Públicos* 82), pro-

---

[1] Appellant explains that upon computing again the internal-revenue stamps in this case for the purposes of filing this appeal "we realized that the total amount of the fees is $357 and not $352 sent to the Registry of Property."

vided by Act No. 3 of September 2, 1955, which prescribed the following (30 L.P.R.A. § 1716):

"NUMBER 7

*"For the purpose of graduating the fees, the value of mortgaged estates shall be understood to be the price for which such estates are conveyed, plus the amount represented by the subsistent mortgages; Provided,* That whenever state [an estate] encumbered with subsistent mortgages is divided into various parcels, the value of said divided estates shall be understood to be the price for which they are conveyed, plus that represented by the amount of said mortgages, distributed among the estates." (Italics ours.)

For the purposes of a better and thorough understanding of the question raised in this appeal, let us see how the registration fees concerning the operations object of this appeal would have been computed under the schedule prior to the one provided by § 2 of Act No. 67 aforecited. Pursuant to this schedule, the Registrar would have cancelled internal-revenue stamps for the price of $167,000 and $20,000 of the two properties in question. In addition, he would have charged fees for the mortgage of $122,333.33 plus interest and $9,000 for costs and attorney's fees in the case of one property and on $11,000 plus interest and $1,000 for costs and attorney's fees which are the amounts secured by mortgage for the other property.

Appellant maintains, however, that the Third Rule of § 2 of Act No. 67 copied above, specifically determines how the registration fees should be computed in the case before us. It states that since it is a question of properties sold for a deferred price secured by mortgage, unlike the cases indicated in the two preceding paragraphs of this opinion, fees should be charged in this case on the prices fixed at the sale without including the value of the mortgages, and separately, on the amounts secured by the properties, its interest and other obligations.

The Registrar argues that upon accepting appellant's interpretation "it would prove quite detrimental and it would work to the prejudice of the State's interest," for in cases in which the amounts involved were considerable and the down payment of the sale price were minimal, the sale could be recorded by the cancellation of stamps for the first pay- ment made only; that the Tariff Act should be uniform in its application and it would not be so under appellant's inter- pretation of the schedule of fees in question.

 There is no justification for the result anticipated by the Registrar nor for the lack of uniformity alleged, for in the cases of sales at deferred prices secured by mort- gage the registration of which is not requested, it would be necessary to cancel stamps for the total selling price, and not for the down payment only. The provision of the Third Rule of § 2 of the Schedule of Fees of the Registry, *supra*, covers *sales with unpaid balance deferred secured by mort- gage*. In the cases in which the sale of real property and not the mortgage security of the unpaid balance deferred was sought to be recorded, stamps cannot be cancelled pur- suant to the referred provision, for at law no valid mort- gage would exist until it has been recorded (art. 146 of the Mortgage Law—30 L.P.R.A. § 259). So that in effect, a sale with part of the unpaid balance deferred would be recorded. Therefore, in these cases the registration schedule of fees ought to be computed on the whole selling price agreed upon in the mortgage.

We agree with appellant in that upon amending the provision of paragraph seven of the Tariff Act which pre- vailed until 1963, the practice of cancelling internal-revenue stamps on the basis of the total selling price and separately and additionally for the amount of the unpaid balance de- ferred and other amounts with mortgage, could not subsist, for the purpose of the Legislature in adopting the aforesaid Third Rule was precisely to change that practice. In their

report to the House of Representatives on House Bill No. 778 which then became Act No. 67 of 1963, aforecited, the Juridical and the Treasury Committees of that body said that (17-4 Journal of Proceedings 1844) :

"2. In the cases of properties sold with unpaid balance deferred, secured by mortgage, the rule established for charging separately for the total amount of the mortgage, changes. Separate fees will only be charged on the total amount of the sale, excluding the unpaid balance deferred, and on the amount of the mortgage for the unpaid balance deferred, which is tantamount to charging the fees on the amount resulting only once."

■ The language of the new provision specifically provides that in the cases of sale with mortgage for unpaid balance deferred, the fees will be charged on the price fixed to the sale *without including the value of the mortgage.* In the case before us one of the properties was sold for $167,200 and the other for $20,000. It was agreed that the mortgage on the property sold for $20,000 would secure the sum of $11,000 of the unpaid balance deferred plus interest and $1,000 for costs and attorney's fees, and the other would secure $122,333.33 of the unpaid balance deferred plus interest and $9,000 for costs and attorney's fees. Therefore, the recording fees to be charged, as to the properties in question, should be computed on $9,000 and $44,866.67 which, for recording purposes, are the selling prices thereof *without including the value of the mortgage.* Then, the new schedule of fees of 1963 provides that *the fees on said mortgaged estate, with respect to the amount secured by the mortgage, plus interest and other services shall be charged separately.* In the case of the lower-priced property the fees should be approximately computed on the amounts secured by mortgage which are the sum of $11,000, plus interest, plus $1,000 for expenses, disbursements, and attorney's fees. The fees with respect to the higher-price property should be sepa-

rately computed on the amounts secured by the property, which are the sum of $122,333.33, plus interest, plus $9,000 for expenses, disbursements, and attorney's fees. In this way alone can the purpose of the Legislature of "charging the fees on the amount resulting only once" be accomplished and at the same time comply with the clear disposition of the tariff statute.[2]

█ In the deed which gives rise to this appeal a right of way was constituted for the price of one dollar ($1) given for the purposes of its registration in the Registry of Property. Appellant indicates in its brief that pursuant to the Schedule of Fees Number Two(a)—30 L.P.R.A. § 1767a—the registration fee for said right shall be one dollar. It is not right. It is five dollars. The value thus arbitrarily fixed does not constitute the real and actual value of the referred right of way and, therefore, we should conclude that said value does not arise from the instrument. Under these circumstances the Ninth Rule of § 2 of the Schedule of Fees—30 L.P.R.A. § 1767b—which provides that if the value does not arise from the instrument "five dollars shall be charged for such entries" is applicable.

Therefore, the Registrar's note in this case will be reversed and it will be ordered that the fees with respect to the registration operations in question be charged in a manner consistent with the foregoing.

Mr. Justice Hernández Matos dissented.

---

[2] Act No. 38 of June 14, 1966 amended the referred Third Rule of § 2 of Act No. 67 of 1963 in question but the provision in controversy in this appeal was not altered or modified in any manner and its text, which is the same copied in this opinion, continues in full force and effect.